————o————

WILLIAM JONES, Appellant, vs. ROBERT D. BREWINGTON, et al., Respondents.

1. *Mortgages—Not expressed to be sealed, good in equity—Title acquired under, defense to suit in ejectment under later deed, etc.*—An instrument in the nature of a mortgage with power of sale, not expressed to be sealed, may be good as an equitable mortgage; and a title acquired from a sale under it will be a good defense in ejectment against a deed of later date, which was not filed for record until long after the transfer under the mortgage, accompanied by change of possession.

*Appeal from Adair Circuit Court.*

*Harrington & Cover*, for Appellant.

I. It must appear in the body of the deed that it is a sealed instrument, and a scroll must be attached to the same by way of a seal. Without these essentials the deed is not a sealed instrument within the meaning of the statutes. (Wagn. Stat., 269, § 5, note 3; Grimsley vs. Riley's Adm'r, 5 Mo., 280, [in point]; State *ex rel.* West vs. Thompson, 49 Mo.,

188; Walker vs. Kiele, 8 Mo., 301; Glasscock vs. Glasscock, 8 Mo., 577; Underwood vs. Dollins, 47 Mo., 259; Groner vs. Smith, 49 Mo., 318.)

II. A sale of land under an instrument given to secure the payment of a debt, conveys no title. (Linton vs. Boly, 12 Mo., 567.)

*H. F. Miller with Ellison & Ellison*, for Respondents.

I. At common law it is not necessary that an instrument be expressed on its face to be sealed, if it was in fact sealed. (4 Kent, 453; Proprietors Mill Dam Foundry vs. Hovey, 21 Pick., 417; Clark vs. Rynex, 53 Mo., 380.)

II Although the instrument is not sealed, it is still good as an equitable mortgage. (McClurg vs. Phillips, 49 Mo., 315.) And the transfers thereunder convey to defendant an equity which will defeat plaintiff's action of ejectment. And the record was notice to the world. (1 Wagn. Stat., 277, §§ 24, 25.)

LEWIS, Judge, delivered the opinion of the court.

This was an action of ejectment. Both parties claimed under Isaac D. Jones, who owned the land in 1857. Plaintiff exhibited a conveyance from Jones to himself, dated May 15, 1858, and filed for record July 21, 1871.

Defendant's answer set up, by way of equitable defense, that on June 30th, 1857, an instrument of writing was executed by Isaac D. Jones to Wm. M. Lyda, in intended fulfillment of a prior agreement whereby Jones was to convey the land to Lyda, by mortgage or deed of trust, to secure the grantee and other parties upon a large amount of indebtedness; that said instrument was accepted and understood by the parties as being "good, valid and effectual," for the purposes so intended, and certain transfers of notes, accounts, etc., were made on the strength of it, in accordance with the agreement; that Lyda, as trustee, under the powers conferred by the instrument, sold the land on the 25th October, 1858, when the purchaser went into possession; and that defendants have since acquired title and possession from him.

The writing executed by Jones to Lyda was filed for record August 11, 1857. Defendants offered a certified copy from the record; to which the plaintiff at first objected, demanding the original, but afterwards withdrew his objection, and consented to the introduction of the copy. It commenced with the words: "This deed made and entered into, etc.," and ended thus: "In witness whereof we have hereto subscribed our names, this the 30th day of June, A. D. 1857.

ISAAC D. JONES, [SEAL.]

R. E. JONES, [SEAL.]

WM. M. LYDA. [SEAL.]"

Plaintiff raised the objection that the instrument did not appear to be sealed, and was not a deed. The court overruled his objection, and herein is presented the principal question to which our attention is directed.

The respondents insist, that though no seal is mentioned in the body of the instrument, yet for aught that appears to the contrary, there was a common law seal affixed to the original; and that the recorder, not being able to transfer that to the copy, could only indicate its presence by the word "seal," written within a scrawl; that the plaintiff, by waiving the production of the original, dispensed with the necessity of proving that there was a seal on it, and all the presumptions were therefore against him, and in favor of the existence of a seal to each signature as indicated by the recorder.

In the opinion delivered in Dale vs. Wright, (57 Mo., 110.) these views would appear to have been sanctioned by this court. But whether a correct interpretation would so sustain them or not, it is sufficient for the purposes of this case to look into the effect of the instrument, either as sealed or unsealed. Thus considered, it was at least competent to create an equitable mortgage lien. (McClurg vs. Phillips, 49 Mo., 315.) It was duly recorded, and thus was notice of its purposes imparted to the world. Within the same year those purposes were executed by a sale in conformity with the prescribed conditions, and a deed made to the purchaser. The tes-

timony, though not conclusive, tended to show that possession was taken soon afterwards under this sale, and was held by one of the defendants, as the last grantee under that authority, at the commencement of this suit.

If such an instrument, unsealed, would be enforced as a mortgage lien, by a court of equity, against the objections of the grantor—as is unquestionably true—surely an execution and consummation of its purposes, thus acquiesced in for more than ten years, should require nothing more to make it a substantial defense against a deed executed one year later, and not put upon record until thirteen years after that. Thus viewing the instrument, we find no error in its admission by the court as testimony, or in the instruction given to the jury, which permitted them to treat it as a substantial element in the defense. This disposes of the only point made here by the appellant, and so the judgment must be affirmed; the other judges concur.