| 78 | 85 |
|---|---|
| 35a | 413 |
| 78 | 85 |
| 125 | 593 |
| 78 | 85 |
| 175 | [1]241 |

The City of Marshall, *Plaintiff in Error*, v. Anderson.

1. **Husband and Wife : dedication to public use.** The dedication to public use of the wife's land by the husband will not be effectual, even as to his curtesy, unless she join in the conveyance and acknowledge the same in the manner provided by law.

2. ——— : ——— : estoppel in pais. Where the husband alone files a plat of his wife's land, their joint conveyances thereafter of lots designated on such plat will create no estoppel *in pais* against her, in favor of the public, to assert title to land designated on the plat as a street.

*Error to Saline Circuit Court.*—Hon. Wm. T. Wood, Judge.

Affirmed.

*C. T. Shannon* and *Leslie Orear* for plaintiff in error.

*Boyd & Sebree* and *W. D. Bush* for defendant in error.

PHILIPS, C.—Action of ejectment. It appears that Martha J. English, a married woman, owned the land in controversy. It was her legal estate. In 1867, her husband, M. English, made a plat of this land as an addition to the town of Marshall, and filed it in the recorder's office of said county. The wife did not join in this act. On this plat was indicated a street designated "Dahlgreen avenue." After this Mrs. English joined her husband in deeds of conveyance of several lots named in said plat. Dahlgreen avenue was not named in any of these deeds. There seems to have been but little, if any, improvement on any of the lots prior to May, 1871, and this piece of ground was a common with no special traveled way over it. At the May term, 1871, of the Saline county court, M. English presented his petition to that court asking to abolish Dahlgreen avenue and throw the street over west on the boundary of another addition. At the August term following this petition was granted and order made. After this M. English made out and filed another plat of this ground showing other cross streets and throwing what was marked "Dahlgreen avenue" on the first plat into lots. Mrs. English joined in this last plat. The city during this time assessed and collected taxes on this ground where Dahlgreen avenue was. The defendant Anderson, by mesne conveyances from English and his wife, became the owner of a lot covering a portion of the ground once marked "Dahlgreen avenue" and built a residence thereon and occupied the same as such. After the lapse of years the town of Marshall, having been organized into a city of the fourth class, instituted this action to eject Anderson, claiming this lot as a part of Dahlgreen avenue, on the ground that the street had been dedicated to the town, and that the order of the county court vacating it was a nullity. The court sitting as a jury, found the issues for the defendant, and the plaintiff brings the case here on appeal.

As the plaintiff asserts title to the real estate in con-

The City of Marshall v. Anderson,

troversy through dedication to the town for public use, if there was no effectual dedication this action must fail. It is conceded that when its alleged title accrued, Martha J. English owned this land in fee. She was a married woman and she held the title as a legal estate. No deed or act of her husband alone could work a divestiture of her title. 2 Wag. Stat., § 14, ch. 94, p. 935. To effectuate this she must join in the deed of the husband "acknowledged by her in the manner now provided by law." This provision of the statute would wholly fail of its beneficent purpose, if the husband by filing a plat of her land could dedicate it in perpetuity to the public. If he could give it to an aggregation of people, he could deed it to an individual. Neither his curtesy nor other *jus mariti* could authorize a dedication to public use, so as to obstruct her *jus disponendi*, her husband joining in the deed. The object of the statute was to prevent the husband's curtesy during coverture from being disposed of without the consent of the wife, and to secure this interest to their joint enjoyment. *Huff v. Price*, 50 Mo. 230.

*1. HUSBAND AND WIFE: dedication to public use.*

The fact that she joined her husband in making deeds to lots designated in the original plat, creates no estoppel. As to such an estate a *femme covert* cannot be estopped by any such act *in pais* from asserting the true title. This whole question is, as I conceive, settled adversely to the plaintiff's pretension set up in this case, by the case of *McBeth v. Trabue*, 69 Mo. 642. See also *Goff v. Roberts*, 72 Mo. 570. The instructions given by the court in respect of the effect of the alleged dedication were in conformity with the law, and justified the verdict.

*2. ——: ——: es-toppel in pais.*

In this view of the law it is unnecessary to pass on the questions raised and so ably discussed by counsel as to the effect of the proceedings in the county court resulting in an order abrogating Dahlgreen avenue. I entertain grave doubts as to the validity of that order founded on the petition presented to the court, in that it failed to give

"the names of the persons to be affected thereby." The question in my mind is whether this is not, under section 45, page 1321, Wagner's Statutes, a jurisdictional fact. On this, however, I reserve an expression of opinion. The judgment of the circuit court is affirmed. All concur.