Brown v. Dressler.

BROWN *et al.* v. DRESSLER, *Appellant.*

Division One, December 22, 1894.

1. **Married Woman**: WARRANTY DEED: FEE SIMPLE AT COMMON LAW. Land held by a married woman under a general warranty deed, in usual form, without limiting the estate to her sole and separate use, and which does not appear to have belonged to her before her marriage, or to have come to her during coverture by gift, or by purchase with her separate money or means, will be held to be

an estate in fee simple at common law and will be governed by principles applicable to such estates.

2. ———: ESTATE AT COMMON LAW: CONVEYANCE. A married woman can convey her real estate held as at common law only by jointly with her husband executing, acknowledging and certifying the conveyance, as required by statute. (R. S. 1889, sec. 2396.)

3. ———: POWER TO CONTRACT: STATUTE: CONSTRUCTION. Section 6864, Revised Statutes, 1889, empowering a married woman, like a *femme sole*, to carry on and transact business on her own account, to contract and be contracted with, sue and be sued, enforce and have enforced against her property judgments rendered for and against her and to sue and be sued at law or in equity with or without her husband being joined with her, being a change in the prior law and in derogation of the common law, will not be presumed to have made any change beyond what is expressed in its provisions and fairly implied from them in order to give them full operation.

4. ———: ———: ———: ———. Section 6864 gives a married woman the same power to contract as a *femme sole* and the power so given is not confined to any particular class of contracts or to any species of property. While such section does not give her power to convey her land, held as at common law, except jointly with her husband, as authorized by the statute (sec. 2396), she, like a *femme sole*, may buy land and give a lien thereon, contract a debt on the faith of her real estate and pledge it as security therefor, and enter into a contract for the sale of her land, and all such contracts will be enforced by the courts.

5. ———: MORTGAGE, CANCELLATION OF. The mortgage of a married woman executed by her alone, upon land held by her as at common law, held improperly annulled in this case, it not appearing that it may not be a security for the payment of a debt or the discharge of a contractual obligation, or be entitled to be regarded as an equitable mortgage creating a lien or trust.

*Appeal from Howell Circuit Court.*—Hon. W. N. Evans, Judge.

REVERSED.

*Olden & Orr* for appellant.

(1) There is no equity in plaintiffs' bill which seeks to cancel and hold for naught the mortgage executed by Mrs. Brown, without any offer to return

the consideration. *Shroyer v. Nickell*, 55 Mo. 264; *Evans v. Snyder*, 64 Mo. 516; *Snider v. Coleman*, 72 Mo. 568; *Sims v. Gray*, 66 Mo. 614. (2) The mortgage deed of Mary E. Brown was sufficient to bind her separate statutory estate, under section 6869, Revised Statutes, 1889, as amended. *Broughton v. Brand*, 94 Mo. 174; *Blair v. Railroad*, 89 Mo. 383; *Daily v. Sewing Machine Co.*, 88 Mo. 305. (3) With reference to her statutory separate property Mary E. Brown was, at the date of the execution of said mortgage, a *femme sole* with full power to contract and be contracted with. R. S. 1889, sec. 6864; *Leete v. Bank*, 115 Mo. 204; *Gilliland v. Gilliland*, 96 Mo. 522. (4) As to her contracts with reference to his property she can be estopped like any other property owner. *Leete v. Bank*, 115 Mo. 204; *Henry v. Sneed*, 99 Mo. 425.

Brace, J.—This is an appeal from the decree of the circuit court of Howell county, annulling a mortgage deed executed by the plaintiff, Mary E. Brown. The petition alleges that she and her coplaintiff, James M. Brown, are and were on the eighteenth day of September, 1891, husband and wife; that on that day she executed the mortgage deed in question, whereby she conveyed certain real estate described in the petition to the defendant; that said realty was not her separate estate and that her husband did not join with her in making such deed, nor was such deed made by her under the protection or by the advice or consent of her husband. Wherefore plaintiff prays that the same be set aside, canceled and for naught held.

The case was tried on the following agreed statement of facts:

"That the plaintiff, Mary E. Brown, was on the eighteenth day of September, 1891, the owner of the land in question under and by virtue of a general

warranty deed in the usual form, but which contained no words limiting the estate therein conveyed to her sole and separate use; that on the said eighteenth day of September, 1891, she executed and delivered to the said Dressler her sole mortgage deed to the premises in question, which said mortgage deed was in the usual form and regular in every respect, except that her husband did not join in said mortgage deed with her and he never executed and acknowledged the same." This was all the evidence in the case.

I. It will be observed from the foregoing statement that the real estate in question was not the separate estate of Mrs. Brown nor did it come to her by "bequest or inheritance." It does not appear that it "belonged to her before her marriage" or that it came to her during coverture by gift, or purchase with her separate money or means. So her estate therein must be taken to be an estate in fee simple as at common law, governed by principles applicable to such estate and not by those applicable to a married woman's equitable estate, or to her estate in lands derived as aforesaid, and provided for in section 6869, Revised Statutes, 1889, a discussion of which in this case would be beside the question.

The power of a married woman to convey her real estate held as at common law is conferred by statute. It is not conferred upon the wife alone, but upon the husband and wife jointly and then only by deed executed by them and acknowledged and certified in the manner required by the statute. Revised Statutes, 1889, section 2396. The law in this respect is substantially the same now as it has always been. No material change has been made in that law since the organization of the state. It is beyond question that prior to 1889 a married woman in this state could not convey her legal estate in lands, except by deed in

which her husband joined, executed and acknowledged in accordance with the requirements of the statute, nor could she make a valid contract for the sale of such estate, or bind the same in law or equity by any contract of hers. *Huff v. Price*, 50 Mo. 229; *Wannall v. Kem*, 51 Mo. 150; *Shroyer v. Nickell*, 55 Mo. 264; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Hord v. Taubman*, 79 Mo. 101; *Marshall v. Anderson*, 78 Mo. 85; *Shaffer v. Kugler*, 107 Mo. 58.

In the revision of 1889 a new section was adopted as a part of the "Married Woman's Act," as follows: "Section 6864. A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party." The Married Woman's Act, in which this section appears, was revised in 1889, as was also the act entitled "Conveyance of Real Estate" (R. S. 1889, p. 609). This section must be construed with reference to the other provisions in the former and to the provisions of the latter act, by none of which was any change made in the power or rights of either husband or wife over the general real estate of the wife, and, being a change in the existing law, and in derogation of the common law, this section must not be presumed to make any change beyond what is expressed in its provisions and fairly implied from them in order to give them full operation. Endlich on Int. Stat., sec. 127.

While this section contains a liberal and widely comprehensive grant of power, it does not purport to grant to a married woman all the powers of a *femme*

*sole.* She is to be deemed such only so far as it is necessary to enable her to transact business on her own account—to contract and be contracted with, etc. The power to contract here given is as broad as that of a *femme sole*—not limited to any particular class of contracts, or confined to any species of property. Under its provisions a married woman may transact any business on her own account, may make any contract with respect to her property, whether it be real, personal or mixed, and all such contracts, being otherwise valid, will be alike binding on her and on those with whom she contracts and may be enforced in the courts. Like a *femme sole*, she may buy, sell and pledge her real estate, as well as any other species of her property, but there is one thing which neither she, nor a *femme sole*, can do, and that is to convey her real estate except by deed in writing duly executed as required by statute. The section under consideration does not undertake to confer the power upon a married woman to convey her real estate; but as a *femme sole* can buy land and give a lien on it, it empowers a married woman so to do. As a *femme sole* can contract a debt upon the faith of her real estate and pledge it as security for the payment of a debt, it empowers a married woman to do so. As a *femme sole* can enter into a written contract for the sale of her land, so now can a married woman. All these contracts will be enforced by the courts under the provisions of this section of the statute.

But this section does not authorize her to convey her real estate as a *femme sole*, nor is such power to be fairly implied from its terms. On the contrary, the fair implication is that when she undertakes to convey her real estate she shall do it in the manner required of a married woman by the statute; that is, by a joint deed with her husband. This seems to be,

not only a fair construction of the terms of the section itself, but when that section is read in connection with the other provisions of the same act and of the act on conveyances of real estate, revised at the same session, it would seem to be absolutely necessary, in order to harmonize, give meaning to, and render operative, all the terms of these revised acts.

It seems, from the scope of this legislation, that, while our lawmakers were willing to confer on married women power to make contracts binding on their real estate, they were unwilling to confer upon them the power of alienating the same absolutely by deed without the knowledge or acquiescence of their husbands, or to expose them entirely unprotected to the keen edge of self-enforcing mortgages and deeds of trust, but left their contracts of this character to be enforced by, and under the protection of, the courts.

If this is the correct construction of the law, it follows that, although the instrument in question in this case can not operate as a deed, conveying the legal title of Mary E. Brown to her real estate to the defendant, it is not, for that reason, wholly inoperative and void. It may, for aught that appears in apt words, pledge that real estate as security for the payment of a debt or the discharge of a contractual obligation binding upon her under the provisions of section 6864, *supra*, which the courts would enforce against her and her interest in the real estate described in the petition; or it may be regarded as an equitable mortgage and held to create a lien or trust for the benefit of the defendant which the courts ought to and would enforce. *McClurg v. Phillips*, 49 Mo. 315; *McQuie v. Peay*, 58 Mo. 56; *Dunn v. Raley*, 58 Mo. 134; *Jones v. Brewington*, 58 Mo. 210; *Carter v. Holman*, 60 Mo. 498; *Blackburn v. Tweedie*, 60 Mo. 505; *Martin v. Nixon*, 92 Mo. 26.

In this view of the questions the plaintiff's bill is entirely without equity and should have been dismissed. The decree and judgment is, therefore, reversed. All concur, BARCLAY, J., in the result.