## PETER et al., Appellants, v. BYRNE et al.

### Division Two, June 9, 1903.

1. **Conveyance:** WIFE'S LAND: JOINT DEED. A deed to the wife's land recites that "Sarah Peter, wife of Armenius Peter . . . of the first part . . . witnesseth, that the said parties of the first part . . . have granted," etc.; and that "the said parties of the first part . . . do covenant and agree that they will warrant and forever defend the title," etc.; and that "in testimony whereof the said parties of the first part have hereunto set their hands and seals;" and was signed by Sarah Peter and Armenius Peter, and acknowledged by both of them, as "their free act and deed." *Held*, that this deed complied with the statute which requires the lands of the wife to be conveyed by their joint deed, and that view is not enfeebled by the fact that in its introduction it did not name the husband as a grantor.

2. ———: ———: ———: AS INTERPRETED BY THEIR ACTS. The fact that both husband and wife signed and acknowledged the deed, surrendered possession to the grantee named, and permitted him to enjoy peaceable possession so long as they lived, gave practical construction thereto that it was their joint deed, added additional force to the words used therein, and was a recognition by them that the deed conveyed the estate therein described.

3. ———: GENERAL RULE. Every deed must if possible be made operative. This is an elementary principle in the construction of deeds.

4. ———: WIFE'S LANDS: HUSBAND'S SIGNATURE AND ACKNOWLEDGMENT. The law is not so careful of the interests of the husband as of those of the wife. It is presumed that he knows the contents of a deed he signs and the purpose for which it was made. He is not laboring under any disabilities, and his acts in the execution of the deed will be construed most strongly against him. And if he signs the deed and acknowledges it as his "free act and deed" it will be held to convey whatever interest he had in the lands of his wife therein described, whether he is named as one of the grantors or not. His signature and acknowledgment are sufficient to show that the deed was made with his consent, and that the title of the wife was conveyed by his co-operation.

5. ———: ———: ACKNOWLEDGMENT. Whenever a husband jointly with his wife signs and acknowledges a deed which purports to convey her lands, he is bound by the promises contained therein, though his name may appear nowhere else in it except in his signature and acknowledgment.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*Vories & Vories* and *S. P. Reynolds* for appellants.

(1)   The deed was made in 1883 while Mrs. Peter was under the common-law disability of coverture. At that time the real estate of the wife could only be conveyed by the joint deed of the husband and wife, properly acknowledged and certified. R. S. 1879, sec. 669; Huff v. Price, 50 Mo. 228; City v. Anderson, 78 Mo. 87; Dameron v. Jameson, 71 Mo. 99; Brown v. Dressler, 125 Mo. 589. (2) "In order to convey by grant, the party possessing the right must be the grantor and use apt and proper words to convey to the grantee; merely signing, sealing and acknowledging an instrument in which another person is grantor is not sufficient." Bank v. Rice, 4 How. (U. S.) 225; Harrison v. Simmons, 55 Ala. 510; Chapman v. Crooks, 41 Mich. 595; Peabody v. Hewitt, 52 Me. 33; Catlin v. Ware, 9 Mass. 218; Merrill v. Nelson, 18 Minn. 366; Stone v. Sledge, 87 Tex. 49; Laughlin v. Fream, 14 W. Va. 322; Gaston v. Weir, 84 Ala. 193; Batchellar v. Brereton, 112 U. S. 396; Adams v. Medesker, 25 W. Va. 127; Powell v. Monson, 3 Mason (U. S.) 347; Blythe v. Darrigin, 68 Ala. 370; Sheldon v. Carter, 90 Ala. 380; Davidson v. Cox, 112 Ala. 510; Lawrence v. Heister, 3 Har. & J. (Md.) 371; Jewett v. Davis, 10 Allen (Mass.) 68; Lithgow v. Cavanagh, 9 Mass. 161.

*Haynes & Corby* and *B. R. Vineyard* for respondents.

(1)   The instrument should be construed to meet the intention of the parties, as gathered from the whole instrument. Hunter v. Paterson, 142 Mo. 310; Walton

v. Drumtra, 152 Mo. 489.   (2)   To ascertain the intention of the parties, and effectuate the instrument, words may be supplied, transposed or changed in construing the deed.   Briant v. Garrison, 150 Mo. 655.  (3) It is evident that Sarah M. Peter and her husband, Armenius Peter, who signed and acknowledged the deed with his wife, intended to convey the premises therein described to Annie Oatman, the grantee therein, and that the husband gave his assent to the transaction, and that he was present to protect her from imposition, and that he joined in the deed that his assent might appear. Is this a sufficient joinder?   10 Heisk. 226; 2 N. H. 525; 38 N. H. 29; 86 Ky. 653; 102 Ala. 468; 26 Miss. 275; 35 Miss. 107; 2 Gill & J. 1.  (4)   The most that can be said is that the omission of the husband's name in this introductory recital, as to who are parties to the deed, is a mere clerical mistake of the scrivener, which the court will correct by construction.   Miller v. Shaw, 103 Ill. 292; Huyler v. Atwood, 26 N. J. Eq. 507.  (5) The identity of the grantor may be ascertained from the execution alone, and the absence of the name of the grantor from the granting clause will in no way impair the force and validity of the deed.   Elliott v. Sleeper, 2 N. H. 525; Woodward v. Seaver, 38 N. H.   29; Hrouska v. Janke, 66 Wis. 254; 3 Wash. on Real Prop., ch. 4, sec. 1, sub. 31; Kelton v. Brown (Tenn.), 39 S. W. 541; Pease v. Bridge, 49 Conn. 58; Schley v. Car Co., 25 Fed. 890; Bray v. Clapp, 80 Me. 277; Roberts v. McIntyre, 84 Me. 362; Hargis v. Ditmore, 86 Ky. 653; Hills v. Bearse, 9 Allen (Mass.) 403; Evans v. Summerlin, 19 Fla. 858; Vasquez v. Texas L. Ag'c'y, 45 S. W. 942; Stone v. Montgomery, 35 Miss. 107; Armstrong v. Stovall, 26 Miss. 275; Ingoldsby v. Juan, 12 Cal. 564; Dentzell v. Waldie, 30 Cal. 138; Dean v. Shreve, 155 Ill. 650; Miller v. Shaw, 103 Ill. 292; Mills v. Catlin, 22 Vt. 98; Bierer v. Fretz, 32 Kan. 336; Mardes v. Meyers (Tex.), 28 S. W. 693.   (6)   It appears affirmatively on the face of the deed, that the husband and

Peter v. Byrne.

wife united in conveying the land in controversy in this suit. They both appear as joint grantors in the granting clause of the deed, as parties of the first part, as they describe themselves, in conveying the property. The court will uphold the deed, if it can see from the whole instrument that those signing and acknowledging it intended that it should operate as their conveyance. The mistake in describing the party of the first part will be ignored. Miller v. Shaw, 103 Ill. 292; Huyler v. Atwood, 26 N. J. Eq. 507; s. c., 28 N. J. Eq. 275; Kelton v. Brown (Tenn.), 39 S. W. 541; Houx v. Batteen, 68 Mo. 84; Mardes v. Meyers (Tex.), 28 S. W. 693.

### STATEMENT.

On the 31st day of August, 1900, plaintiffs filed their petition in the Buchanan County Circuit Court, which is as follows:

"Plaintiffs state that on the first day of August, 1899, they were and still are the owners in fee and entitled to the possession of the north fifty-six feet of lots six and seven, in block thirty, in St. Joseph Improvement addition, an addition to the city of St. Joseph, in Buchanan county, Missouri. That being so entitled to the possession of said real estate, defendants on the 2d day of August, 1899, entered into possession of the premises and unlawfully withhold from plaintiff the possession thereof to their damage in the sum of one hundred dollars. That the monthly rents and profits of said real estate are five dollars. Plaintiffs further state that defendants George A. Byrne and Mark L. Byrne are minors and that defendant Cecelia C. Byrne is their guardian and curator duly appointed by the probate court of Buchanan county. Plaintiffs therefore pray that judgment be rendered for one hundred dollars damages and for monthly rents and profits in the sum of five dollars, and for all other proper relief."

On September 18, 1900, and during the regular

September term, 1900, of said circuit court, defendants and each of them filed their answer, which is a general denial.

It is admitted that Sarah M. Peter is the common source of title; also that Sarah M. Peter, the mother of plaintiffs, was married to Armenius Peter at the time she acquired this property by a general warranty deed, and continued to be his wife until her death. It was shown by the testimony that appellants were the only children and heirs at law of Sarah M. Peter, the common source of title.

Defendants introduced in evidence the following deed to Annie Oatman:

"This deed, made and entered into this fifteenth day of October, in the year of our Lord, eighteen hundred and eighty-three, by and between Sarah M. Peter, wife of Armenius Peter, of the county of Buchanan and State of Missouri, of the first part, and Annie Oatman, wife of John A. Oatman, of the county of Buchanan and State of Missouri, of the second part. Witnesseth: That the said parties of the first part for and in consideration of the sum of five hundred dollars to them in hand paid by the said parties of the second part, the receipt whereof is hereby confessed and acknowledged, have given, granted, bargained and sold, and by these presents do give, grant, bargain, sell and convey and confirm unto the said parties of the second part, and to their heirs and assigns forever, the certain tracts, pieces or parcels of land lying and being in the county of Buchanan and State of Missouri, to-wit: fifty-six feet of the north end of lots six and seven in block thirty, in the St. Joseph Improvement Company's addition to the city of St. Joseph. To have and to hold the said tract, piece or parcel of land, with all the privileges and appurtenances thereunto belonging or in anywise appertaining unto them, the said parties of the second part, and to their heirs and assigns forever, and the said parties of the first part for them, their heirs,

executors and administrators do covenant and agree that they will warrant and forever defend the title to the said tract, piece or parcel of land and every part thereof unto them, and the said parties of the second part, their heirs and assigns against the lawful claim or claims of all persons whomsoever.

"In testimony whereof the said parties of the first part have hereunto set their hand and seals the day and year first herein written.

"SARAH M. PETER.    (Seal)
"ARMENIUS PETER.    (Seal)

"State of Missouri, county of Buchanan—ss.

"On this sixteenth day of October, 1883, before me, a notary public within and for said county, personally appeared Sarah M. Peter and Armenius Peter, her husband, to me known to be the persons described in and who executed the within and foregoing instrument or deed, and acknowledged that they executed the same as their free act and deed.

"In witness whereof I have hereunto signed my name and affixed my official seal at my office in said county the day and year last aforesaid.

"My term of office expires January 24, A. D., 1887.

(Seal)                    "JOHN F. TYLER.

"Notary Public of Buchanan county, in the State of Missouri."

To the introduction of this deed in evidence plaintiffs objected because it is the deed of a married woman, and her husband is not joined with her as grantor, and the same is void because at that time a married woman could not convey her legal estate without her husband joining her as such in the deed. The court overruled plaintiffs' objection and admitted said deed in evidence, to which action and ruling of the court in admitting said deed in evidence and overruling plaintiffs' objections thereto, plaintiffs then and there excepted.

Defendants offered in evidence a general warranty deed duly executed by Annie Oatman and John A. Oatman, her husband, dated the 10th day of September, 1884, conveying the property herein sued for to all of the defendants herein, which said deed was in due form and properly acknowledged, on said 10th day of September, 1884, filed for record October 15, 1884, at 3 o'clock and —— minutes p. m., and recorded in book 130, page 231. To the introduction of which the plaintiffs objected. The court overruled plaintiffs' objections and admitted it in evidence, to which action of the court in overruling plaintiffs' objections to said deed and admitting the same in evidence the plaintiffs then and there excepted.

, This was substantially the evidence upon which this cause was submitted to the court. At the May term, 1901, of the Buchanan Circuit Court, the court rendered judgment for the defendants, and plaintiffs prosecute their appeal to this court, and this cause is now before us for review.

OPINION.

FOX, J.—It will be observed that this is a suit in ejectment for the possession of the north 56 feet of lots 6 and 7 in block 30, St. Joseph Improvement addition to St. Joseph, Missouri. At the trial it was admitted that Sarah M. Peter was the common source of title. Also that Sarah M. Peter, the mother of plaintiffs, was married to Armenius Peter at the time she acquired this property by a general warranty deed, and continued to be his wife until her death. The evidence showed that Sarah M. Peter departed this life on the 29th day of November, 1889. That plaintiffs Robert N. Peter and Turah Duncan, were her only children and heirs at law. That said Armenius Peter departed this life on the 27th day of July, 1899. It was contended by the plaintiffs at the trial that the Peters deed was void and

of no effect because it purported to be a deed of a married woman conveying her real estate without her husband joining her as a grantor in the deed, the name of her husband, Armenius Peter, not appearing in said deed as a grantor. The defendants also introduced a deed in evidence from Annie Oatman and her husband, purporting to convey this property to defendants. The evidence also showed that defendants had had possession of this property for sixteen years. There is only one question for decision in this cause, viz.: Is this instrument of writing purporting to be the deed of Sarah M. Peter to Annie Oatman void? If said deed is void, then plaintiffs are entitled to recover; if the deed is valid, they are not.

At the close of the evidence in this cause, plaintiffs requested the court to declare the law as follows:

"The court declares the law to be that the deed introduced in evidence by defendants from Sarah M. Peter to Annie Oatman, recorded in book 130, at page 244, is void and of no legal effect, and the finding and judgment must be for the plaintiffs."

The court refused this declaration of law and plaintiffs duly preserved their exceptions to the action of the court.

This instruction very sharply presents the only question involved in this suit. It will be noted that the deed before us for construction, recites that "Sarah M. Peter, wife of Armenius Peter, of the first part." Then follows the granting clause: "Witnesseth, that the said parties of the first part, in consideration," etc., "have given, granted, bargained and sold," etc., etc. The concluding clause of this deed recites that, "In testimony whereof, the said parties of the first part have hereunto set their hands and seals the day and year first herein written." In addition to this, the covenants of warranty in this deed, use this language: "The said parties of the first part do covenant," etc.

Appellants earnestly insist that this deed was inoperative and did not convey the title vested in Sarah M. Peter for the reason that she was a married woman and that the deed upon its face does not show that her husband joined with her as grantor in said deed.

Sarah M. Peter was the owner of the legal title to the land in controversy in this suit. In 1883, at the time of the execution of this deed by her, she was the wife of Armenius Peter. This leads to the inquiry as to the provisions of the statute then in force, in respect to a conveyance of the real estate of the wife, during coverture.

Section 669, Revised Statutes 1879, the law in force at the time of the execution of this deed, provides:

"A husband and wife may convey the real estate of the wife, and the wife may relinquish her dower in the real estate of her husband, by their joint deed, acknowledged and certified as herein provided; but no covenant, expressed or implied, in such deed, shall bind the wife or the heirs, except so far as may be necessary effectually to convey, from her and her heirs, all her right, title and interest expressed to be conveyed therein."

The provisions of this statute are plain and unambiguous. The proposition must be conceded that to convey the real estate of the wife, it must be accomplished by the joint deed of the husband and wife. This has been so ruled in numerous cases, decided by this court. [Huff v. Price, 50 Mo. 228; City v. Anderson, 78 Mo. 87; Brown v. Dressler, 125 Mo. 589.]

It will be observed, that the defect in the deed before us for construction, if it can be called a defect, appears in the introductory clause. The husband signed and acknowledged this deed; the granting clause, the covenant of warranty and the testimonium clause of the deed, use terms in the plural, "parties of the first part."

Vol 175 mo—16

We have now confronting us the one vital proposition, did the acts of the husband in respect to this deed, constitute such a joining in the deed, as to make the conveyance operative?

It must be remembered that, from the earliest history of the marriage relation, the husband and wife have been regarded as one. The wife at all times has labored under very strong disabilities in respect to her property rights; as civilization advanced, wisdom has kept pace with it, hence we have some of the ancient shackles removed from married women, whose very life and existence was heretofore merged into that of the husband.

At the time of the execution of this deed, the statute quoted was in force, and it is not deemed an unwise provision, for it had in view many noble purposes other than the mere imposition of a disability. One of the objects was to harmonize the interests of husband and wife, that they both might jointly enjoy the property owned by one or the other. Another was that this enjoyment of interest might not be severed without the knowledge and acquiescence of both. Another was the protection thrown around the wife in respect to her property, that in the alienation of it, she should consult the husband, and have, at least, his concurrence in the sale, by joining her in the conveyance of it. Another was the protection of the marital interest of the husband in the property of the wife.

We have carefully examined the deed involved in this suit, and have reached the conclusion that it substantially complies with the spirit of the statute, which requires the husband to join in the deed, in order to convey the real estate of the wife. They both signed and acknowledged this deed, surrendered possession to their grantees, who held and enjoyed the undisturbed possession as long as the grantors lived. Their acts in this respect add additional force to the words of the deed. Their acts gave a practical construction to this

deed that it was a joint instrument, and recognized that it conveyed the estate intended to be conveyed. We take it that the construction given this deed by the parties joining in it is not only supported by sound reason, but by the weight of authority wherever this precise question has been before the courts.

It must be noted that this statute is dealing with the real estate of the wife; simply making a provision as to how it may be conveyed. It is true that the husband has a marital interest, which, when he joins in the deed, it is supposed to convey; but it must be remembered that the husband is not laboring under any disabilities, and as to his acts in the execution of a deed, they will be construed most strongly against him. In his acknowledgment of this deed, he says it is his "free act and deed." He was presumed to know the contents of it, and was presumed to know the purposes for which it was executed.

We start out in the discussion of this proposition, supported by the elementary principle that "every deed must, if possible, be made operative."

In the case of Elliott v. Sleeper, 2 N. H. 525, one of the earliest cases, on this subject, the doctrine is very clearly announced. It was said by the court in that case:

"And for the purpose of our present inquiry, it may be admitted, that the usage, however diversified in its forms, always requires the husband and wife so far to join as to convey at the same time, on the same paper, and both in language suitable to pass the title of real estate. Whether this requisition has here been fulfilled, is a question of some difficulty, on both authority and principle. It can not be doubted, that the signature, sealing, and acknowledgment of this deed by the husband, being on the same paper with those of the wife, and in the usual form, are in themselves sufficient. But it is objected, that he is not named in the deed as a grantor, and that without being so named, the deed is

not his deed, and in respect to him is altogether inoperative. But it seems well settled, that whoever signs and delivers an unsealed writing, is bound by the promises contained in it, though his name may not appear on the paper, except in his signature. [Little v. Weston, 1 Mass. 156; Fisher v. Leslie, 1 Es. Cases 426.] This seems founded on the obvious and reasonable principle, that such acts amount to an adoption of all which precedes the signature, and that no other legitimate cause for these acts can be assigned, than a design to make all the promises to which the signature is affixed, the promises of the subscriber. . . . In sealed instruments, such as bonds and wills, the same principle applies and appears to be supported by numerous authorities."

To the same effect is Woodward v. Seaver, 38 N. H. 29. It will be noted that the case of Elliott v. Sleeper, supra, is there re-affirmed. The court said:

"In this case, Hannah I. Woodward owned the land, and in order to convey her right it was necessary that her husband should join with her in the conveyance; her separate deed would be void, and convey no title. The husband's name does not appear in the body of the deed, but there is a clause purporting to release Hannah I. Woodward's right of dower, and all her other rights in the premises, in which she is described as wife of the grantor. It therefore appears on the face of the deed that she was a married woman, and consequently that to give her conveyance effect it was necessary her husband should join in the deed. Her husband signed and sealed the deed. This would seem to bring the present case very distinctly within the authority of Elliott v. Sleeper, 2 N. H. 525. In that case, as in this, the land belonged to the wife; the deed purported to be her sole conveyance, but was signed and sealed by her and her husband, and she is described as being the wife of Nathaniel Brown, who signed and sealed the deed. From this the court say it appears that it was necessary he should join with her in the conveyance. So it appears

from the deed in the present case, that Hannah I. Woodward was a married woman, and that to make her deed operative it was necessary her husband should join in the conveyance.''

In Connecticut, the Supreme Court made application of a statute very similar to ours upon this subject. In discussing this question, it said:

''The petitioner insists that the absence of the names of the two husbands from the body of the deed, invalidates the conveyance so far as the interests of their respective wives is concerned; and asks for the removal of the cloud thereby placed upon his title. But this claim is without foundation. Except in cases where there is statutory requirement of some other or further formality, the act of signing a written contract is, as a matter of law, the adoption of all that is contained therein—the assumption of all the obligations which its language expresses. No other intent can be legitimately imputed to the signer, and whenever it is permissible the law will give effect to such intent. Our statute provides that 'all conveyances of the real estate of married women executed by them jointly with their husbands, and duly acknowledged and recorded, shall be valid and effectual to transfer such estate.'' The land was the property of the wife; power to convey is given to her, to be effectually exercised, it is true, only when the husband joins in the execution—when he signs her deed of conveyance and duly acknowledges the act. By signing, he gives proof that he has had an opportunity to protect her from an improvident contract, and that he surrenders to her grantee all the right, title and interest which he as husband has in the land.''   [Pease v. Bridge, 49 Conn. 58.]

The statute referred to, in this case is substantially ours; its terms vary somewhat; it provides that ''all conveyances of the real estate of married women executed by them jointly with their husbands, and duly acknowl-

edged and recorded, shall . . . transfer the estate.'' Our statute uses the term, ''By their joint deed acknowledged and certified as herein provided.'' Both statutes require a conveyance, and it must be executed and acknowledged. This case, construing the effect of a conveyance similar to the one before us, with a statute so nearly like ours, is very strong support to the conclusion we have reached in this cause.

In the case of Schley v. Pullman Car Co., 25 Fed. 890, the language is so appropriate to the facts in this case, that we quote it. The court said:

''It is insisted by counsel for the plaintiff that the statute required the husband to be a joint grantor with his wife; that his mere signing, sealing, and acknowledging the deed was not sufficient when his name did not appear in the granting clause or body of the instrument; and that it was therefore inoperative and void. It was only in substantial compliance with this statute that the wife could convey the title to her lands. The husband was required to join her in the execution of a deed. Did the husband so join in the execution of this deed? That he intended to do so, and thought he had, admits of no doubt; and it is equally clear that both the wife and husband undertook in good faith to convey their entire interest and estate in the premises to the grantees. The husband signed, sealed, and acknowledged the deed, to enable his wife to convey her title, and to convey any claim or right, present or contingent, that he had in the land. The wife and her husband rested and no doubt died in the belief that they had joined in the execution of a deed in compliance with the statute; and it remained for some one, after the lapse of twenty-nine years, to discover, as he supposed, that they had utterly failed to accomplish what they undertook to do, and what they supposed they had done. Courts should uphold deeds and other contracts when the intention of the parties is clear. Although the husband's name does not appear in the body of the deed,

he signed, sealed and delivered it, and thus joined his wife in its execution.''

The views of courts in modern times upon the construction of instruments conveying real estate, are very appropriately expressed in the case of Roberts v. McIntire, 84 Maine 362.    In discussing this subject, it said:

''There are certain elementary principles applicable to the construction of written contracts which are matters of such common knowledge and universal acceptance as to render the citation of authorities a profitless task.    There are pregnant legal maxims which are the deductions of reason and the conclusions of common sense approved by the wisdom of ages.    But their practical application must, in some instances, be qualified or restricted by technical rules which ascribe definite meanings to particular expressions, in order to secure uniformity and to enable parties to understand the effect of the language employed in contracts made or accepted by them. All agree, however, that it is the constant desire of the law to uphold a contract rather than destroy it, to effectuate the intention of the parties and not to defeat it.    .   .   .    But, with respect to conveyances of real estate, courts in modern times have shown more consideration for the substance of the contract than for the shadow, for the passing of the estate according to the intention of the parties than for the manner of passing it; and whenever the rules of language and of law will permit, that construction will be adopted which will make the contract legal and operative in preference to that which would have an opposite effect.''

The Supreme Court of Florida in the case of Evans v. Summerlin, 19 Fla. 858, construing a deed like the one before us, and under a statute nearly identical with ours, held that the signing and acknowledging of the deed by the husband, was, in contemplation of the statute, a joining with his wife in such conveyance.    To the

same effect is the case of Stone v. Montgomery, 35 Miss. l. c. 107. The court very clearly interprets the deed in that case. It said:

"The last objection urged against the deed is, that the husband is not a party grantor, and named as such in the body of it; and, therefore that it is not the joint deed of husband and wife, and is insufficient, under our statute, to convey her separate property. It would be a sufficient answer to this objection, that it was not set up either in the original nor amended bill. On the contrary, the deed is treated in the pleadings as the joint deed of the husband and wife. But, if the objection had been made in the pleadings, it would be untenable. The property is admitted to belong to the wife, to her sole and separate use; and of course the husband had merely a secondary interest in it; it was her act which was essential to the conveyance. But he signed the deed and acknowledged it as his act and deed, for the purpose stated in it. That was sufficient to show his consent and co-operation in the conveyance in the most certain form; and the reason of the statute, in requiring the conveyance to be made by the joint deed of the husband and wife, is that it may be made with his aid and consent. His signing, delivery, and acknowledgment of the deed, would estop him from setting up any claim to the property against the grantee, and show that the title of the wife was conveyed by his co-operation. Under such circumstances, the deed is sufficient under the statute to convey the wife's estate."

Numerous other cases maintain the same position, with few exceptions. The expression of all the courts upon the question directly involved in the construction of this deed, are harmonious. [Ingoldsby v. Juan, 12 Cal. 564; Dentzel v. Waldie, 30 Cal. 138; Mardes v. Meyers, 28 S. W. 693; Miller v. Shaw, 103 Ill. l. c. 292.]

There is a clear distinction between the cases where the husband undertakes to convey the real estate of the wife and the deed fails to disclose the wife as one

of the grantors.    As before stated, the wife labors under certain disabilities, and the courts, with the view of protecting her rights, insist that the instrument shall disclose the performance of every act on her part necessary to convey her estate.

In the case of Hrouska v. Janke, 66 Wis. 252, the principal cases relied upon by appellant in this case are reviewed, and the court announces that they are distinguishable from the cases of the character before us for determination.

This deed should be construed in accord with the clear intention of the parties who executed it.    Judge BURGESS very appropriately said in case of Walton v. Drumtra, 152 Mo. l. c. 497:

"The rigid rules of construction applied to deeds and wills in former years, have in modern times been somewhat modified, so that deeds are now construed so as to carry into effect the intention of the parties thereto, and wills the intention of the person executing them." [See, also, Mills v. Catlin, 22 Vt. 98.]

After sixteen years of undisturbed possession of this property, under an instrument executed by the husband and wife, acknowledged by them to be their free act and deed, to hold  that, because the husband's name does not explicitly appear in the introductory clause of the deed, it was invalid, because not jointly made, would, in our opinion, be doing violence to the spirit of the statute, as well as an absolute abandonment of substance and a complete surrender to form.

The judgment in this cause should be affirmed, and it is so ordered.    All concur.