## THOMAS C. PEASE *vs.* AMOS D. BRIDGE.

Where a husband joins with his wife in a conveyance of her real estate, it is enough under the statute (Gen. Statutes, tit. 18, ch. 6, sec. 10), if he executes the deed with her, although his name does not appear in the body of the deed.

Sundry facts considered and held insufficient to warrant the court in holding, as matter of law, that a grantee of a fraudulent purchaser was chargeable with notice of the fraud.

BILL IN EQUITY to compel a reconveyance of real estate and to remove a cloud from a title; brought to the Superior Court in Hartford County. Facts found by a committee and bill dismissed by *Beardsley, J.* Motion in error by the petitioner. The case is sufficiently stated in the opinion.

*G. G. Sill* and *L. E. Stanton*, for the plaintiff in error.

*C. J. Cole* and *D. G. Gordon*, for the defendant in error.

PARDEE, J. This is a bill in equity. The petitioner alleges, in substance, that in 1878 William Weirs, Charles E. Gager and Leonard A. Bradley obtained from him by fraud the title to and possession of certain real estate, and conveyed the same to the respondent, who had full knowledge of the fraud. He asks for a decree, compelling a reconveyance to himself. The facts having been found by a committee, the Superior Court dismissed his bill. He filed a motion in error, alleging as errors the decision of the court that the respondent had neither actual nor constructive notice of the fraud, that the fact that the petitioner was in possession of the land when the respondent took his deed of it was not of itself sufficient to put him upon inquiry, that the respondent's title was good although the title of his grantors was invalid as between them and the petitioner, that the inadequacy of consideration was not sufficient evidence of fraud on the part of the respondent to justify setting aside the conveyance to him, and that the respondent acquired a valid title to the land.

The finding of the committee is that " the respondent was never a party to the combination, confederation and conspiracy hereinbefore referred to; that at the time of such sale and conveyance to him he had no knowledge of such combination and conspiracy; that he had not then knowledge or actual notice of the fraudulent means by which the petitioner had been induced to part with the title to his farm, or that any fraudulent means had been used to induce him to part with the title, nor of any claim on the part of the petitioner that he had been defrauded by any person or persons, or in any manner or degree in respect to the exchange of his farm or the conveyance thereof."

Of course this is fatal to the petitioner's case so far as it rested upon actual fraud. And there is nothing in the finding which will justify this court in acting upon his

complaint that the mind of the respondent was not to a proper degree sensitive to the presence of fraud in the acts of his grantors. It is true they were willing to sell for about $2300 a farm which is found to have been worth $3000; but making allowance for difference in opinions, and recognizing the uncertain condition of the market for farming lands in this state, we find ourselves unable to say that the discount was so surprisingly great as of itself to force knowledge of fraud into his mind. It is true also that the respondent's grantors conveyed to him on the day succeeding that on which they purchased from the petitioner, and that the latter was then in possession of the house and land. But, he was not there claiming any title to the property; he was occupying temporarily upon consent asked from and given by his grantees, and the respondent might well assume that the petitioner would find it inconvenient to give instant possession of his farm in winter. Moreover, five days later the respondent informed the petitioner that he had bought the farm; the latter replied that he knew it, and asked permission to delay his removal from March 1st to April 1st, asserting no title.

And of the many circumstances, each one of which the petitioner insists was of itself notice of fraud, we are unable to say as a matter of law that any one of them or all combined constituted such notice; unable to say that the respondent's failure to see resulted from the fraudulent or wilful closing of his eyes.

The title of the respondent to the premises in question is by deed, purporting in the body of it to be the joint deed of Alice Gager, wife of Charles E. Gager, Julia A. Bradley, wife of L. A. Bradley, and William Weirs; it is signed, sealed and acknowledged by those persons; also by Charles E. Gager and L. A. Bradley. The petitioner insists that the absence of the names of the two husbands from the body of the deed, invalidates the conveyance so far as the interest of their respective wives is concerned; and asks for the removal of the cloud thereby placed upon his title.

But this claim is without foundation. Except in cases where there is a statutory requirement of some other or further formality, the act of signing a written contract is, as a matter of law, the adoption of all that is contained therein—the assumption of all the obligations which its language expresses. No other intent can be legitimately imputed to the signer, and whenever it is permissible the law will give effect to intents. Our statute provides that "all conveyances of the real estate of married women executed by them jointly with their husbands, and duly acknowledged and recorded, shall be valid and effectual to transfer such estate." Gen. Statutes, p. 353, sec. 10.

The land was the property of the wife; power to convey is given to her, to be effectively exercised, it is true, only when the husband joins in the execution—when he signs her deed of conveyance and duly acknowledges the act. By signing, he gives proof that he has had an opportunity to protect her from an improvident contract, and that he surrenders to her grantee all the right, title and interest which he as husband has in the land. The statute it will be observed only requires that he shall *execute;* in legal language he who signs executes; and we may not add to the statutory requirements another, namely, that his name shall also be inserted in the premises of the deed.

There is no error in the judgment complained of.

In this opinion the other judges concurred.