SCHLEY *v.* PULLMAN PALACE CAR CO,[1]

SAME *v.* ALLEN PAPER CAR-WHEEL CO.

SAME *v.* TRUSTEES PULLMAN LAND ASS'N.

(*Circuit Court, N. D. Illinois.* December 23, 1885.)

HUSBAND AND WIFE—CONVEYANCE OF WIFE'S LAND—ILLINOIS ACT OF FEBRUARY 22, 1847.

Under section 2 of the act of February 22, 1847, (2 Scates, T. & B. Ill. St. 965,) when a married woman, above the age of 18 years, and not residing in the state of Illinois, executed a deed in another state, where she resided, the mere signing, sealing, and acknowledgment of the deed by her husband was sufficient, although his name did not appear in the granting clause of the instrument.

Ejectment.

*S. Corning Judd,* and *Ritchie, Esher & Judd,* for plaintiff.

*Alfred Ennis, Lyman & Jackson,* and *Flower, Remy & Gregory,* for defendants.

GRESHAM, J. These are actions in ejectment to recover lands upon which the city of Pullman in part stands. Juries were waived, and the cases were submitted to the court upon a stipulation that if the following instrument should be held valid and binding as a deed of conveyance by husband and wife, judgment should be entered for the defendants:

"This indenture, made this twenty-sixth day of May, A. D. 1856, witnesseth, that I, Christina Lynn, sister and heir at law of Henry Millspaugh, deceased, who was a recruit of Lieutenant T. W. Denton, of the 13th regiment, United States infantry, war of 1812, with Great Britain, of the county of St. Clair and state of Michigan, party of the first part, in consideration of the sum of $43 in hand paid by Milton and Thomas C. McEwen, of the county of Orange and state of New York, party of the second part, the receipt of which is hereby acknowledged, do hereby release, grant, bargain, and quitclaim unto the said party of the second part, their heirs and assigns, forever, all her right, title, claim, and interest in that certain tract of land granted by the United States unto David Millspaugh and Christina Lynn, the brother and sister and only heirs at law of Henry Millspaugh, deceased, as follows, to-wit: The south-east quarter of section numbered fifteen, (15,) in township num-

1 Affirmed. See 7 Sup. Ct. Rep. 730.

bered thirty-seven, (37,) north, of range numbered fourteen (14) east, in the district of lands subject to sale at Chicago, state of Illinois, containing one hundred and sixty (160) acres, by letters patent bearing date of November 23, A. D. 1849, and founded upon warrant No. 27,495, reference being made to said patent will more fully appear,—to have and to hold the said premises, with all the appurtenances thereunto belonging, or in anywise appertaining, to their only proper use, benefit, and behoof of said parties of the second part, their heirs and assigns, forever.

"In witness whereof, the said grantor have hereunto set our hands and seals, the day and year first above written.

"CHRISTINA LYNN. [Seal.]
"WILLIAM LYNN." [Seal.]

Following is the certificate of OBED SMITH, a justice of the peace, of St. Clair county, Michigan, dated May 27, 1856. The officer certified that on that day Christina Lynn and William Lynn, her husband, personally appeared before him; that he knew them to be the persons who executed the foregoing instrument; that they acknowledged it to be their free act and deed; and that after he had personally examined the wife, separate and apart from her husband, and had fully informed her of the contents, she acknowledged that she executed the same freely, and without compulsion from her husband.

Section 2 of the act of February 22, 1847, (2 Scates, T. & B. St. Ill. 965,) declares that when any married woman, above the age of 18 years, and not residing in this state, joins with her husband in the execution of any deed, mortgage, or conveyance of any real estate situated within Illinois, she shall be barred thereby of all the estate, right, title, interest, and claim of dower therein, the same as if she were unmarried and of full age; and it is further declared that such a married woman may acknowledge such deed, etc., as if she were unmarried. This statute was in force when Mrs. Lynn and her husband executed the deed in Michigan where they then resided, and she was at that time above the age of 18. It is insisted by counsel for the plaintiff that the statute required the husband to be a joint grantor with his wife; that his mere signing, sealing, and acknowledging the deed was not sufficient when his name did not appear in the granting clause or body of the instrument; and that it was therefore inoperative and void. It was only in substantial compliance with this statute that the wife could convey title to her lands. The husband was required to join her in the execution of a deed. Did the husband so join in the execution of this deed? That he intended to do so, and thought he had, admits of no doubt; and it is equally clear that both the wife and husband undertook in good faith to convey their entire interest and estate in the premises to the grantees. The husband signed, sealed, and acknowledged the deed, to enable his wife to convey her title, and to convey any claim or right, present or contingent, that he had in the land. The wife and her husband rested and no doubt died in the belief that they had joined in the execution of a deed in compliance with the statute; and it remained for some one, after the lapse of 29 years, to discover, as he supposed, that they had utterly

failed to accomplish what they undertook to do, and what they supposed they had done. Courts should uphold deeds and other contracts when the intention of the parties is clear. Although the husband's name does not appear in the body of the deed, he signed, sealed, and delivered it, and thus *joined* his wife in its *execution.*

*Johnson* v. *Montgomery,* 51 Ill. 185, was a suit for assignment of dower. On January 26, 1853, Johnson, a resident of Ohio, executed in that state a deed conveying his lands in Illinois to Montgomery. Johnson's wife signed the deed with her husband, and acknowledged it before a proper officer. The certificate of acknowledgment was in conformity with the statute, but the body of the deed did not describe Johnson's wife as a grantor, or name her in connection with dower, or in any other way. In holding that this was a valid deed, and sufficient to relinquish the wife's right of dower, under section 21 of the act of 1845, regulating conveyances, the court said that apt words of grant in the body of the deed were unnecessary, as the wife was required to join her husband in the deed, not to transfer title from her, but merely to extinguish her contingent right of dower.

When Mrs. Lynn and her husband executed their deed in 1856, the latter had the rights which the common law gave him in his wife's real estate in Illinois. He was entitled to the rents and profits during their joint lives, and a life-estate thereafter if he survived his wife. While his rights differed in some material respects from the inchoate right of dower, still the reasoning in this case tends to support the deed under consideration.

In *Miller* v. *Shaw,* 103 Ill. 277, the court was required to pass upon the validity of a married woman's deed for her separate property in Illinois; the husband having signed and acknowledged the deed, his name not appearing, however, in the granting clause. The statute in force at the time, (section 21 of the act of 1845,) provided that when any husband and wife residing in this state wished to convey the real estate of the wife, it should be lawful for the husband and wife, she being above the age of 18 years, to do so by the execution of their joint deed; the wife being required to appear before some judge, or other officer authorized to take acknowledgments of such instruments, and acknowledge the same, being previously made acquainted with the contents. A deed thus executed and acknowledged the statute declared to be as effective as if executed by the wife before marriage. The court held that this was a valid deed under the statute, and bound both the wife and husband.

In *Yocum* v. *Lovell,* recently decided by the supreme court of Illinois, but not yet reported, it was held that a deed signed and acknowledged by husband and wife, was sufficient to extinguish the homestead right of both, though the wife's name did not appear in the granting clause or elsewhere in the body of the deed. The court say that section 4, c. 52, Rev. St. 1874, declared that no release, waiver, or conveyance of the homestead should be valid, unless the same was in

writing, subscribed by the householder and his wife, and acknowledged as required in the execution of deeds conveying real estate, and that the statute was substantially complied with.

Judgments will be entered for the defendants in the three cases.