JENNIE B. ROBERTS *vs.* FREDERICK C. McINTIRE, and others.

Sagadahoc.   Opinion March 24, 1892.

*Deed.   Married woman.   Joinder of Husband.   R. S., c. 61, § 1; c. 65, § 6; c. 103, § 14; Gen. Stat. Mass. 1860, c. 108, § 3.*

Under R. S., c. 61, § 1, it is a sufficient joinder of a husband in his wife's deed of real estate directly conveyed to her by him, if he gives his written assent thereto by joining in the *testimonium* clause under his hand and seal "in testimony of his relinquishment of his right of dower," and acknowledges the instrument to be his free act and deed.

AGREED STATEMENT.

Real action, in which the facts are stated in the opinion.

*Heath and Tuell*, for plaintiff.

*George E. Hughes*, for defendants.

Deed, at common law inoperative and void.   Legislature did not intend by subsequent acts that a joinder should bear any other than its accepted signification.   *Brown* v. *Wood*, 1 Met. 542; *Lithgow* v. *Kavenagh*, 9 Mass. 161; *Lufkin* v. *Curtis*, 13 *Id.* 223; *Learned* v. *Cutler*, 18 Pick. 9.   In statute 1841, c. 17, the two words "joinder or assent" are used.   The latter word is omitted in all subsequent legislation.   Parties bound by their recitals.   The law will not make an exposition against the express words and intent of parties.   Smith Com. c. 12, § 505.

WHITEHOUSE, J.   This is a writ of entry.   The plaintiff derives title under a deed from Mary. D. McIntire, wife of William H. McIntire, to Elbridge Randall,. dated November 3, 1879.   The defendants are heirs of Mrs. McIntire and contend that this deed was inoperative because the husband did not join in it.

Under our statutes real estate directly or indirectly conveyed to a married woman by her husband, or paid for by him, or given or devised to her by his relatives, "cannot be conveyed by her without the joinder of her husband."   R. S., c. 61, § 1.

The property in question was directly conveyed to Mrs. McIntire by her husband, by deed of June 10, 1879.   It could not be conveyed by her without his joinder.

In the deed in question from Mrs. McIntire to Randall, the husband did not join with the wife as grantor, but he signed and sealed the instrument and acknowledged it to be his "free act and deed." His name first appears in the *testimonium* clause as follows: "And William H. McIntire, husband of the said Mary D. McIntire, in testimony of his relinquishment of his right of dower in the above described premises, have hereunto set our hands," &c. If this constitutes a "joinder of the husband" under our statute, it is conceded that the plaintiff is entitled to recover; otherwise judgment must be entered for the defendants. This is the sole contention between the parties.

The precise question has never been directly determined in this State, but the correct solution of it is only a corollary from the principles established by our decisions respecting the true intent and meaning of this statute.

In Massachusetts, it was the express requirement of the statute of 1857 upon this subject, that the wife's deed should have the "assent in writing of her husband." Gen. Stat. Mass. 1860, c. 108, § 3. In several other states the husband's "assent" or "written assent" or "consent" is made a prerequisite to the validity of the deed. See Devlin on Deeds, § § 100 to 107 ; Kelley Cont. Mar. Wom. c. 5, § 6 ; and c. 9, et. seq.

In *Perkins* v. *Morse*, 78 Maine, 17, convincing reasons were given why our statute should receive a liberal interpretation for the sake of upholding honest conveyances ; and the construction placed upon it in *Bray* v. *Clapp*, 80 Maine, 277, renders it precisely the same in effect as the Massachusetts statute of 1857. In the latter case it was declared by our court that, "no more than written assent was really intended by our own statute, the difference in phraseology being accidental rather than essential ;" and it was accordingly held to be sufficient for the husband to sign the deed "in token of his assent to the conveyance."

In the case at bar, the deed recites that : "In witness whereof" the husband signed the deed "in token of his relinquishment of his right of dower." But he had no right of dower in real estate legally conveyed by her in her life-time. By R. S., c. 103, § 14, "the husband of a deceased wife, whose estate is solvent,

shall have the use for life of one third of her real estate, to be recovered and assigned in the manner and with the rights of dower;" but this means the real estate of which she died seized. R. S., c. 65, § 6. At the decease of the wife the husband has no right whatever in property legally conveyed by her in her life-time. As stated in *Bray* v. *Clapp*, *supra*, "the statute exacts the joinder of her husband not as a grantor, because he has nothing to grant, but as an assenter merely, for he has only the power to withhold or give his assent." What effect then are we authorized to give to the husband's signature to this deed, considered in its relation to the *in testimonium* clause and the acknowledgment before the magistrate? Can it be legitimately construed as an "assent in writing" to the wife's conveyance? We think it can and should.

There are certain elementary principles applicable to the construction of written contracts which are matters of such common knowledge and universal acceptance as to render the citation of authorities a profitless task. There are pregnant legal maxims which are the deductions of reason and the conclusions of common sense approved by the wisdom of ages. But their practical application must, in some instances, be qualified or restricted by technical rules which ascribe definite meanings to particular expressions, in order to secure uniformity and to enable parties to understand the effect of the language employed in contracts made or accepted by them. All agree, however, that it is the constant desire of the law to uphold a contract rather than destroy it, to effectuate the intention of the parties and not to defeat it. All breathe the beneficent spirit of this rule, and the two great cardinal maxims of the common law clearly express it: "*verba ita sunt intelligenda ut res magis valeat quam pereat; verba debent intentioni inservire.*" This intention, however, must be gathered from the contract itself, construed with reference to the subject matter, the motive and purpose of the parties in making the contract, and the object to be accomplished.

But, with respect to conveyances of real estate, courts in modern times have shown more consideration for the substance

of the contract than for the shadow, for the passing of the estate according to the intention of the parties than for the manner of passing it; and wherever the rules of language and of law will permit, that construction will be adopted which will make the contract legal and operative in preference to that which would have an opposite effect.

There is no presumption against the validity of Mrs. McIntire's conveyance. It is not to be presumed that her husband performed an idle and useless ceremony for the purpose of defrauding an innocent purchaser. But he affixed his signature and seal and made the acknowledgment before the magistrate for some purpose. It cannot be questioned that the deed was executed, delivered and recorded as and for a legal instrument. It cannot be doubted that the husband intended to do whatever was needful to render the deed effectual as a conveyance of the wife's real estate. He intended to relinquish whatever interest he had in the property; and the only possible interest he had was the right to dissent from the conveyance. He clearly had no desire to exercise that right, but a manifest purpose to waive it and to express his assent to the deed.

But it is said, that the deed itself contained a plain unambiguous recital that the husband signed it for the purpose of releasing his right of dower; and thereupon the defendants' counsel invokes the familiar principle that in law there can never be an implication of a purpose in opposition to that which the parties have clearly expressed for themselves; that the express mention of one purpose in the deed excludes the idea that he signed it for any other purpose. It has been seen, however, that the purpose expressed by the parties was impossible and absurd. The language used was an erroneous statement or "false description" of the purpose intended, and is utterly without force or effect. But, words legally devoid of sense and meaning, in the connection in which they are used, may be rejected as surplusage; and *falsa demonstratio non nocet.*

The reported cases in different jurisdictions disclose numerous instances where similar errors have been corrected by an appli-

cation of the principles of equitable construction, in order that the contract might be preserved and not destroyed.

But *Hills* v. *Bearse*, 9 Allen, 403, is an authority exactly in point. There the husband signed the deed "in token of his release of all right and title of and to both dower and homestead." But there was no right of dower or homestead in the husband. The effect to be given to the signature was accordingly brought directly in question, and it was decided that the "insensible" words might be rejected and the husband deemed to have signed and sealed the deed "in witness" that his wife had executed it. This was held to be a sufficient "assent in writing" of the husband. This decision has been referred to as an authority and cited with approval in three subsequent cases. See *Cormerais* v. *Wessel-hoeft*, 114 Mass. 550; *Child* v. *Sampson*, 117 *Id.* 62; and *Chapman* v. *Miller*, 128 *Id.* 269. In *Child* v. *Sampson*, the husband simply affixed his signature to the instrument as a sub-scribing witness, and the court held that it was a sufficient "assent in writing." See also *Elliot* v. *Sleeper*, 2 N. H. 525; *Woodward* v. *Seaver*, 38 N. H. 29; *Pease* v. *Bridge*, 49 Conn. 58; *Schley* v. *Car Co.* 25 Fed. Rep. 890; *Friedenwald* v. *Mullen*, 10 Heisk. 226; *Evans* v. *Summerlin*, 19 Fla. 853.

*Judgment for plaintiff.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.