OF THE

## STATE OF MISSOURI

AT THE

### APRIL TERM, 1914.

(*Continued from Volume 258.*)

## OBEDIAH DRISKILL v. WILLIAM H. ASHLEY, Appellant.

### Division One, June 2, 1914.

1. **DEED: Wife's Land: Made Prior to Married Woman's Act.** A deed of a married woman in which her husband did not join, made prior to the Married Woman's Act of 1889, purporting to convey the separate legal estate of the wife in the land described, was void and conveyed no title to the purchaser. But a deed naming the wife alone as the grantor, signed and acknowledged by both her and her husband, was not the sole deed of the wife, but one in which her husband joined. It was, within the meaning of the then statute (R. S. 1879, sec. 669), "their joint deed." It was not necessary that the name of the husband appear in the body of the deed as a grantor.

2. **ESTOPPEL: Accepting Deed With Knowledge of Prior Conveyance.** Where the one acre was conveyed in 1888 by defendant's mother to her husband and the plaintiff, in order that plaintiff might erect a church thereon, which was done, and which he controlled and used and rented for a school and collected the rents, for about ten years, when it burned and was not rebuilt, no estoppel arises in favor of defendant from the fact that plaintiff did not put his deed of record until 1909, and that in 1908 defendant's mother and her husband included

the cne acre in a conveyance of five acres to defendant, or from the further fact that, for want of knowledge of the lines of the acre tract, a part of a store erected by defendant was placed thereon.

3. **CHURCH: Abandonment: Reformation of Deed.** A deed expressing a consideration of one dollar, and conveying the property without restrictions, will not be reformed on the ground that it merely conveyed the one acre to the grantees as trustees for church purposes and the land having been abandoned for that purpose the title reverted to the grantor, except upon positive proof that it was conveyed for that sole purpose.

Appeal from Hickory Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*Henry P. Lay, W. L. Pitts* and *J. W. Montgomery* for appellant.

(1) Prior to the Married Woman's Act of 1889, the deed of a married woman in which her husband did not join was void, and did not convey her land. Sec. 609, R. S. 1879; Huff v. Price, 50 Mo. 228; Bartlett v. O'Donoghue, 72 Mo. 563; Sutton v. Casseleggi, 77 Mo. 404. To constitute the husband a party grantor to his wife's deed it was necessary that he be described as grantor, either expressly or by necessary inference. It was not sufficient that he sign and acknowledge. Jewett v. Davis, 10 Allen (Mass.), 68; Bradley v. Railroad, 91 Mo. 498; Whitley v. Stewart, 63 Mo. 360; Martindale on Conveyancing (Ed. 1882), 62; 9 Am. & Eng. Ency. Law (2 Ed.), 111. Under these authorities it is necessary that the husband be joined in the deed as joint grantor; for if he only signed and acknowledged it it is presumed that the wife alone was intended to be the grantor. 9 Am. & Eng. Ency. Law (2 Ed.), 111; Jewett v. Davis, 10 Allen (Mass.), 68. The later case of Peter v. Byrne, 175 Mo. 233, is not in conflict with the foregoing authorities. (2) The deed of a wife,

executed prior to 1889, to her husband, or to her husband jointly with others, did not convey the legal title to her land, and would not support ejectment. That this is true as to a deed from the wife to the husband is elementary, and needs no citation of authorities. We have found no case where the wife attempted to convey to her husband jointly with another. It is inconceivable, however, that such a deed, under the law as it stood prior to 1889, would have passed the legal title either to the husband or his joint grantee. In 1888, it was conclusively presumed that the wife needed protection in her dealings both with her husband and with strangers, and that a deed from her, in which he did not join as a party with her, and not against her, was ineffective to pass her title. (3) It being conceded that the land in controversy was in fact dedicated to the public for religious purposes; and it further conclusively appearing that such use entirely ceased at least fourteen years before the institution of this suit, the title to the land with the right to possession thereof reverted to the donor, even though no express provision for such reversion was contained in the deed. Campbell v. Kansas City, 102 Mo. 326. (4) A deed will be reformed to conform to the actual intention of the parties, clear proof of such intention being furnished. Crawley v. Crafton, 193 Mo. 421; Williamson v. Brown, 195 Mo. 313. (5) The plaintiff and Clement S. Driskill, as trustees, constituted but one person, as respecting the property in question. They had no separate rights in relation to it, and the plaintiff cannot maintain an action to recover it without making his co-trustee a party, either plaintiff or defendant. Nor will a judgment in his favor for a half interest be upheld. Brinckerhoff v. Wemple, 1 Wend. (N. Y. Com. Law) 474; 28 Am. & Eng. Ency. Law (2 Ed.), 986. (6) The deed under which plaintiff seeks to recover, while dated in 1888, was not filed for record until August 24, 1909, one year after defendant's deed

was filed, and long after the improvements were made on the land, and there is no evidence that the defendant had actual notice thereof; said deed is therefore invalid as to him.    Sec. 2811, R. S. 1909; Fox v. Hall, 74 Mo. 315; Hickman v. Green, 123 Mo. 166.

*F. M. Wilson* and *Rechow & Pufahl* for respondent.

A deed by a married woman of her real estate, where the husband joins in the execution, signing, acknowledgment and delivery of such deed, is sufficient to transfer the title, notwithstanding the fact that the husband's name does not appear in the body of the deed.    Peter v. Byrne, 175 Mo. 233; Dentzel v. Waldie, 30 Cal. 138; Pease v. Ridge, 49 Conn. 58; Stone v. Montgomery, 35 Miss. 83; Elliot v. Sleeper, 2 N. H. 525; Clark v. Clark, 16 Ore. 224; Thompson v. Loverein, 82 Pa. 432; Bonter v. North Cato, 20 U. C. C. P. 76; Hargis v. Ditmore, 86 Ky. 653; Woodward v. Seaver, 38 N. H. 29; Johnson v. Montgomery, 51 Ill. 185; Miller v. Shaw, 103 Ill. 277; Yocum v. Lovell, 111 Ill. 212; Schley v. Pullman Co., 120 U. S. 575; Evans v. Summerlin, 19 Fla. 858; Chapman v. Miller, 128 Mass. 269; Hillis v. Bearse, 9 Allen, 403; Child v. Sampson, 117 Mass. 62; Burge v. Smith, 27 N. H. 332; Ingoldsby v. Jean, 12 Cal. 564; Mead v. Billings, 10 Johns. 99; Hrouska v. Janke, 66 Wis. 252; Friedenwold v. Mullan, 10 Heisk. 266; Morgan v. Snodgrass, 49 W. Va. 387; Ochoa v. Miller, 59 Tex. 460; Armstrong v. Stovall, 26 Miss. 275; Holeman v. De Nyse, 51 Ala. 95; 1 Devlin on Deed (Ed. 1887), sec. 204; 3 Wash. Real Property, sec. 2120.

GRAVES, J.—This is an action in ejectment for one acre of land in Hickory county.    The petition is in the ordinary form, laying ouster as of February, 1910, and alleging damages in the sum of twenty-five dollars, and monthly rents at two dollars and fifty cents.    The

answer was (1) a general denial, (2) the ten-year Statute of Limitations, (3) estoppel, and (4) an affirmative defense for the reformation of the deed under which the plaintiff claims title to the property. Upon a trial before the court, the plaintiff had judgment for the recovery of an undivided one-half interest in the land and for damages in the sum of one dollar. The judgment fixed the monthly rents at twenty-five cents. Several questions are suggested in the brief of the learned counsel for the defendant, and the pertinent facts will be stated in connection with the points made. This sufficiently outlines the case.

I.   It is urged the trial court erred in admitting the deed upon which plaintiff relied for title. The admitted common source of title is Rachel Ashley. In November, 1888, Rachel Ashley made a warranty deed to the land in dispute to the plaintiff, Obediah Driskill, and Clement S. Ashley. Clement S. Ashley was her husband. He signed and acknowledged the deed, but his name does not appear in the deed as one of the grantors. The deed recites a consideration of one dollar. The defendant objected to the introduction of this deed, because it was made prior to the Married Woman's Act of 1889, and is, as such defendant claims, a conveyance by the wife alone, which class of conveyance in 1888, it is urged, was void. This is urged as one of the big and vital points in the case. It should be conceded that in 1888 the deed of a married woman, *in which the husband did not join*, was void and conveyed no title to the purported grantee. [Huff v. Price, 50 Mo. 228; Bartlett v. O'Donoghue, 72 Mo. 563; Sutton v. Casseleggi, 77 Mo. 397.] This concession, however, does not settle the point involved. The real question is whether or not this is the sole deed of the wife, or, to state it differently, whether or not the husband did join the wife in this conveyance. He signed the deed, and he acknowledged the deed. His name appears in the

*Wife's Deed.*

acknowledgment, as well as at the bottom of the deed. The statute then in force (R. S. 1879, sec. 669) so far as applicable reads: "A husband and wife may convey the real estate of the wife, and the wife may relinquish her dower in the real estate of her husband, by their joint deed, acknowledged and certified as herein provided."

The question therefore is, whether under this statute the name of the husband must appear in the body of the deed as a grantor. At most the husband had but curtesy initiate in the premises. The land was held by the wife as her separate legal estate. We are impressed with the idea that the weight of authority is against the contention of defendant's learned counsel as to the validity of this deed. The question is practically settled by the case of Peter v. Byrne, 175 Mo. 233, wherein Fox, J., collects the authorities from other States. There is but a slight difference between the deed under review there and the one with which we have to deal. In that deed the grantor named was "Sarah M. Peter, *wife of Americus Peter*." The italicized words are merely descriptive of the person, but in their use lies one of the differences between that deed and the one at bar. The other difference is that the plurals "parties of the first part" are used throughout the deed, whereas in the deed before us the singulars are used. Nowhere was the name of the husband, Americus Peter, used in the body of the deed, although he signed and acknowledged it, as did the husband in this case. In the Peter-Byrne case our Brother Woodson, then presiding *nisi*, held that such deed conveyed a good title, and his judgment was affirmed here in a carefully written opinion by our Brother Fox, wherein the authorities are exhaustively reviewed. It is urged now that the Peter-Byrne case is not in point, because of the difference between the two deeds which we have pointed out, but this contention cannot prevail in the view of the reasoning of Judge Fox, and the authorities

he cited with approval. He cites with approval and quotes from the following cases: Elliot v. Sleeper, 2 N. H. 525; Woodward v. Seaver, 38 N. H. 29; Pease v. Bridge, 49 Conn. 58; Schley v. Pullman Car Co., 25 Fed. 890; Roberts v. McIntire, 84 Me. 362; Evans v. Summerlin, 19 Fla. 858; and Stone v. Montgomery, 35 Miss l. c. 107. After quoting from the foregoing cases the learned judge then adds:

"Numerous other cases maintain the same position, with few exceptions. The expressions of all the courts upon the question directly involved in the construction of this deed, are harmonious. [Ingoldsby v. Juan, 12 Cal. 564; Dentzel v. Waldie, 30 Cal. 138; Mardes v. Meyers, 28 S. W. 693; Miller v. Shaw, 103 Ill. l. c. 292.]

"There is a clear distinction between the cases where the husband undertakes to convey the real estate of the wife and the deed fails to disclose the wife as one of the grantors. As before stated, the wife labors under certain disabilities, and the courts, with the view of protecting her rights, insist that the instrument shall disclose the performance of every act on her part necessary to convey her estate.

"In the case of Hrouska v. Janke, 66 Wis. 252, the principal cases relied upon by appellant in this case are reviewed, and the court announces that they are distinguishable from the cases of the character before us for determination.

"This deed should be construed in accord with the clear intention of the parties who executed it. Judge BURGESS very appropriately said in case of Walton v. Drumtra, 152 Mo. l. c. 497:

"'The rigid rules of construction applied to deeds and wills in former years, have in modern times been somewhat modified, so that deeds are now construed so as to carry into effect the intention of the parties thereto and wills the intention of the person executing them.' [See, also, Mills v. Catlin, 22 Vt. 98.]

"After sixteen years of undisturbed possession of this property, under an instrument executed by the husband and wife, acknowledged by them to be their free act and deed, to hold that, because the husband's name does not explicitly appear in the introductory clause of the deed, it was invalid, because not jointly made, would, in our opinion, be doing violence to the spirit of the statute, as well as an absolute abandonment of substance and a complete surrender to form."

To get the real views of this court in the Peter-Byrne case a short review of the cases mentioned and approved therein becomes pertinent. In Elliot v. Sleeper, 2 N. H. 525, the court said:

"And for the purpose of our present inquiry, it may be admitted that the usage, however diversified in its forms, always requires the husband and wife so far to join as to convey at the same time, on the same paper, and both in language suitable to pass the title of real estate. Whether this requisition has here been fulfilled, is a question of some difficulty, on both authority and principle. It cannot be doubted that the signature, sealing, and acknowledgment of this deed by the husband, being on the same paper with those of the wife, and in the usual form, are in themselves sufficient. But it is objected, that he is not named in the deed as a grantor, and that without being so named, the deed is not his deed, and in respect to him is altogether inoperative. But it seems well settled that whoever signs and delivers an unsealed writing, is bound by the promises contained in it, though his name may not appear on the paper, except in his signature. [Little v. Weston, 1 Mass. 156; Fischer v. Leslie, 1 Es. Cases, 426.] This seems founded on the obvious and reasonable principle that such acts amount to an adoption of all which precedes the signature, and that no other legitimate cause for these acts can be assigned than a design to make all the promises to which the signature is affixed the promises

of the subscriber . . . In sealed instruments, such as bonds and wills, the same principle applies and appears to be supported by numerous authorities."

The situation in that case was much as in the case at bar. The doctrine of the Elliot case was reaffirmed by the New Hampshire court in Woodward v. Seaver, 38 N. H. 29, and both cases quoted from and their doctrines approved by this court in the Peter-Byrne case, supra.

In Schley v. Pullman Palace Car Co., 25 Fed. 890, we have a deed practically on all-fours with the deed now in question. The wife's name was the only one which appeared in the body of the deed, but the husband signed and acknowledged the same, and in the certificate of acknowledgment (as here) it appeared that they were husband and wife.. In that case Gresham, J., said:

"It is insisted by counsel for the plaintiff that the statute required the husband to be a joint grantor with his wife; that his mere signing, sealing, and acknowledging the deed was not sufficient when his name did not appear in the granting clause or body of the instrument; and that it was therefore inoperative and void. It was only in substantial compliance with this statute that the wife could convey title to her lands. The husband was required to join her in the execution of a deed. Did the husband so join in the execution of this deed? That he intended to do so, and thought he had, admits of no doubt; and it is equally clear that both the wife and husband undertook in good faith to convey their entire interest and estate in the premises to the grantees. The husband signed, sealed, and acknowledged the deed, to enable his wife to convey her title, and to convey any claim or right, present or contingent, that he had in the land. The wife and her husband rested and no doubt died in the belief that they had joined in the execution of a deed in compliance with the statute; and it remained for some one,

after .the lapse of twenty-nine years, to discover, as he supposed, that they had utterly failed to accomplish what they undertook to do, and what they supposed they had done. Courts should uphold deeds and other contracts when the intention of the parties is clear. Although the husband's name does not appear in the body of the deed, he signed, sealed, and delivered it, and thus joined his wife in its execution." This language we quoted with approval in the Peter-Byrne case, supra.

Again in the Peter-Byrne case we quoted with approval the following language from Stone v. Montgomery et ux., 35 Miss. l. c. 107:

"The last objection urged against the deed is, that the husband is not a party grantor, and named as such in the body of it; and, therefore, that it is not the joint deed of husband and wife, and is insufficient, under our statute, to convey her separate property. It would be a sufficient answer to this objection, that it was not set up either in the original nor amended bill. On the contrary, the deed is treated in the pleadings as the joint deed of the husband and wife. But, if the objection had been made in the pleadings, it would be untenable. The property is admitted to belong to the wife, to her sole and separate use; and of course the husband had merely a secondary interest in it. It was her act which was essential to the conveyance. But he signed the deed and acknowledged it as his act and deed, for the purposes stated in it. That was sufficient to show his consent and co-operation in the conveyance in the most certain form; and the reason of the statute, in requiring the conveyance to be made by the joint deed of the husband and wife, is that it may be made with his aid and consent. His signing, delivery, and acknowledgment of the deed, would estop him from setting up any claim to the property against the grantee, and show that the title of the wife was conveyed by his co-operation. Under such circumstances, the deed is

sufficient under the statute to convey the wife's estate.''

It is therefore clear that in the Peter-Byrne case, supra, this court was endorsing the doctrine that the deed of the wife to her legal separate estate was good when such deed was signed and acknowledged by the husband, although his name did not appear in the body of the deed as grantor.

In Pease v. Bridge, 49 Conn. 1. c. 60, it is said:

''The title of the respondent to the premises in question is by deed, purporting in the body of it to be the joint deed of Alice Gager, wife of Charles E. Gager, Julia A. Bradley, wife of L. A. Bradley, and William Weirs; it is signed, sealed and acknowledged by those persons; also by Charles E. Gager and L. A. Bradley. The petitioner insists that the absence of the names of the two husbands from the body of the deed invalidates the conveyance so far as the interest of their respective wives is concerned; and asks for the removal of the cloud thereby placed upon his title.

''But this claim is without foundation. Except in cases where there is a statutory requirement of some other or further formality, the act of signing a written contract is, as a matter of law, the adoption of all that is contained therein—the assumption of all the obligations which its language expresses. No other intent can be legitimately imputed to the signer, and whenever it is permissible the law will give effect to intents. Our statute provides that 'all conveyances of the real estate of married women executed by them jointly with their husbands, and duly acknowledged and recorded, shall be valid and effectual to transfer such estate.' [Gen. Statutes, p. 353, sec. 10.]

''The land was the property of the wife; power to convey is given to her, to be effectively exercised, it is true, only when the husband joins in the execution— when he signs her deed of conveyance and duly acknowledges the act. By signing, he gives proof that he has had an opportunity to protect her from an improvident

contract, and that he surrenders to her grantee all the right, title and interest which he as husband has in the land. The statute it will be observed only requires that he shall execute; in legal language he who signs executes; and we may not add to the statutory requirements another, namely, that his name shall also be inserted in the premisies of the deed."

Most of this language was quoted with approval in the Peter-Byrne case, supra.

In the case of Friedenwald & Co. v. Mullan, 10 Heisk. 226, the Tennessee court thus speaks:

"The purpose or reason why the law requires that the husband should join in the deed with his wife is, that his assent to the conveyance might appear, and that it might also appear that he was present to protect her from imposition. [3 Head. 388.] Why should he, upon the face of the deed, he required to say that he conveys and is seized and possessed, and has a good right to convey, when these covenants as to land belonging to his wife are not true? All that is required of him to signify his assent and presence is his signature. That binds him to all the recitals contained in the instrument, and makes it as much his deed or obligation as if his name was inserted in the body of it. By his signing, delivery and acknowledgment of the deed he would be forever estopped from setting up any claim to the property conveyed."

In Ochoa v. Miller, 59 Tex. 1. c. 462, that court said: "The deed from Calistra Dias, and her husband Santos Dias, should have been admitted in evidence. The signature of Santos Dias to the deed, and his acknowledgment, was sufficient to show he had joined with his wife in the conveyance." In this case the name of the husband did not appear in the body of the deed, but like the case at bar, he signed and acknowledged the same.

In Morgan v. Snodgrass, 49 W. Va. 1. c. 393, the court says:

"Smith and Morgan say that the second deed is good as a deed, and good as executory contract for the sale of the land, and that it is a defense to the action of ejectment by the statute of equitable defense to ejectment, Code 1891, chapter 90, section 20, and that this gives ground for injunction, as it was recorded before Snodgrass purchased, and he admits actual knowledge of it. Snodgrass opposes this claim by the position that our statute provides that no married woman can convey or sell her land 'unless her husband consents thereto by joining in the deed or other writing by which the same is sold or conveyed.' It is claimed that the husband did not legally join in this deed. It is a deed naming only Drophy Walters as grantor and L. S. Walters as grantee, not at all in any part of its body naming her husband as a party or in anywise. It is, however, signed by both. The case of Adams v. Medsker, 25 W. Va. 127, and others are cited to support this position. That case holds that a deed not mentioning certain persons, though signed and acknowledged by them, is inoperative as to them. This is clearly so as to grantors and grantees; that is, where they are to grant or to take estate by the deed. But this rule does not apply where such is not the case, and where the only requirement is that the person manifest his consent to the deed. The husband has no estate to convey. He has contingent curtesy. Whether this deed passes that we do not say. It is always better conveyancing to make him a formal party, so as to pass his estate by curtesy. The husband, for our present question, is to be held, not as granting anything, but simply consenting to his wife's grant. The second edition of that great work, American and English Ency. Law, vol. 9, page 111, makes this distinction explicitly, saying that where the husband has a vested interest to pass he must be named as a grantor; but where it is only necessary to manifest his consent, he is not a grantor, and whilst he must join in the instrument,

'he need not be named as such (grantor) in the bod£ of the deed; joining in the execution is alone sufficient.' [See first edition same work, vol. 5, page 428, n. 5.]"

Many more cases could be cited, but they will be found elaborately collated in the brief by the learned counsel for the plaintiff, and those interested further can refer to the Reporter's notes on this opinion for the additional cases. The trial court committed no error in admitting this deed in evidence, nor in holding that upon its face it conveyed the interest of Mrs. Ashley to the plaintiff and the husband, Clement S. Ashley.

II.    There is no evidence to support the claim of adverse possession for the statutory period, and this question is not pressed in the brief here.

Estoppel.    Nor is there but little evidence upon the question of estoppel. It is true that the Driskill deed was not put upon record until August 27, 1909, and that Mrs. Ashley joined therein by her husband, conveyed to the son, defendant herein, a five-acre tract, including this acre or at least a portion of it, in 1908, yet it is clear that it was understood that Driskill had purchased this land for the purpose of erecting a church thereon, and that he did in fact erect a church thereon, and controlled and used this church for about ten years, when it burned and was not rebuilt. The church building was rented for several years for a schoolhouse, and Driskill did the renting and collected the rent. It is also true that defendant put up a store building and got a part of the building on this acre tract, but it is evident that this was done because of a want of knowledge as to the lines of the acre tract. There is no other evidence of substantial improvements. The claim of estoppel will have to be ruled against the defendant.

III.    It is further urged that if we hold against the defendant upon the validity of the deed, then we should hold that the deed merely conveyed the property to Driskill and Clement S. Ashley as trustees for church purposes, and that as the property had been abandoned

for such purposes, the absolute title reverted to Mrs. Ashley, and her deed to the son conveyed a good title. The evidence in this case is not such as will authorize us to reform this deed in equity.    It is true that the evidence shows that Driskill said that he wanted the land to build upon it a church house, but it falls far short of the legally sufficient proof to authorize us to change the positive terms of the conveyance.    Courts cannot deal lightly with the solemnly expressed terms of a written instrument.    There may be some evidence from Mrs. Ashley tending to support this idea, but the evidence of Driskill and the justice of the peace who wrote the deed, does not bear out that theory.    The chancellor *nisi* on this equitable branch of the case has his judgment well within the evidence, and we shall not disturb it.

We find no substantial error in this record and the judgment should be affirmed.    It is so ordered.    All concur.