MRS. LILIAN LUKA *v.* MRS. ELMIRA KALAUO-
KALANI.

No. 1542.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED JANUARY 20, 1925.                    DECIDED MAY 11, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

DEEDS—*married woman—consent of husband.*

    Where a husband and wife, who own land as tenants by the
entirety, join as grantors in conveying the same, the deed con-
taining no express consent by the husband to the sale of his
wife's interest, the consent in writing required by section 2993,
R. L. 1925, is sufficiently shown and expressed.

SAME—*curtesy.*

    Where in the deed of a married woman conveying her separate
real estate a husband signs and acknowledges his wife's deed,
reciting that he thereby sells, gives, and absolutely conveys to the
grantee "my right as a husband in the land hereby conveyed" the
written consent of the husband to his wife's conveyance is suffi-
ciently shown and expressed.

OPINION OF THE COURT BY LINDSAY, J.

This is an action of ejectment in which plaintiff, claim-
ing as owner in fee simple, seeks to recover from defend-
ant a piece of land situate at Kunawai, Honolulu, being
apana 2 of L. C. A. 1165, R. P. 2697, to Kanakanui.
Defendant's answer consisted of a general denial and
notice that she would rely upon the defense of adverse
possession. A trial by jury resulted in a verdict for
plaintiff. From the judgment entered on the verdict the
defendant has come here on exceptions.

Under exceptions 1 to 4 inclusive it is urged that the
trial court erred in admitting, over the objection of
defendant, two deeds (plaintiff's exhibits D and E) under

which plaintiff claimed to deraign title, the objection being that these deeds were, as evidence, incompetent and immaterial, since it appeared that the grantors in both instances were married women and the deeds did not contain the written consent of their respective husbands as required by section 2993, R. L. 1925.

The first of the deeds objected to (exhibit D) is in the Hawaiian language, and its material portions may be freely translated as follows: "This deed of sale of land made this 15th day of May, 1895, between Kaleo and Manuhi, his wife * * * of the first part, and Mahiailiilii, a minor girl, of the second part, witnesseth: The parties of the first part in consideration of one dollar received from Mahiailiilii and of their love for her, their grandchild, do hereby sell and absolutely convey to said Mahiailiilii all of that piece of land" (describing it). "To have and to hold said piece of land together with the things growing thereon and all the rights pertaining thereto unto the said party of the second part, her heirs and assigns forever. We have a good and legal right to sell and convey the land to the party of the second part, since we acquired the same from Kanakanui and Kamae his wife by purchase by deed dated September 22, 1873 * * *. And I Manuhi, wife of said Kaleo, for the consideration above mentioned, do hereby release, quitclaim and absolutely convey all of my right of dower in the interest of my husband in said land, unto said Mahiailiilii * * *. In witness whereof we hereby set our hands and seals the day and year above written." The deed is signed by both the husband and wife and it is recited in the attached certificate of acknowledgment that the signers acknowledge that they executed the same freely and voluntarily and for the uses and purposes therein set forth.

The other deed objected to (exhibit E), dated Novem-

ber 5, 1921, is also in Hawaiian, and purports to be a deed in which Mahiailiilii (under her married name of Mahiailiilii Kanoa), as sole grantor, grants and conveys the land in controversy to Lilian Luka, the plaintiff. The deed contains the following clause: "And I, Henry Kanoa, the husband of said Mahiailiilii, in consideration of the premises, do hereby sell, give and absolutely convey unto said Lilian Luka, my right as a husband in the land hereby conveyed." The deed concludes, "In witness whereof we hereunto set our hands and affix our seals this 5th day of November, 1921," and is signed by both the husband and wife, the acknowledgment reciting that they executed the same as their free act and deed.

Section 2993, R. L. 1925, reads: "The real and personal property of a woman shall, upon her marriage, remain her separate property, free from the management, control, debts and obligations of her husband; and a married woman may receive, receipt for, hold, manage and dispose of property, real and personal, in the same manner as if she were sole; provided, however, that no sale or mortgage of her real estate shall be valid without the written consent of her husband."

It being clear from the foregoing statute that the sale of real estate by a married woman requires for its validity the written consent of her husband, the question involved in both of these deeds is whether it appears from an examination of the deeds that such written consent has been given.

Referring to the first deed (exhibit D), it is to be noted that the grantors recite that they acquired title from Kanakanui and Kamae his wife by deed dated September 22, 1873. The deed referred to, which is in evidence as plaintiff's exhibit C, is a deed conveying the land to Kaleo and Manuhi who, as husband and wife, under the law at that time, took title as tenants by the entirety. It is obvious

from the language of the deed of these tenants by the entirety that it was their intention to "sell and absolutely convey" to their granddaughter "all of that piece of land * * * together with * * * all the rights pertaining thereto unto said party of the second part, her heirs and assigns forever." And both of these tenants by the entirety covenant that "we two" (maua) "have a good and legal right to sell and convey the land to the party of the second part." The scrivener, evidently realizing that the wife of a married man is endowed in all lands owned by her husband, properly inserted a clause under which Manuhi released her right of dower "in the interest of my husband in said land." He failed, however, by an appropriate and unambiguous expression to state that the husband expressly consented to the sale by his wife of her interest in the land sought to be conveyed.

Having in mind the rule that it is the duty of courts to effectuate and uphold, rather than to defeat, the intention of parties to deeds, we are of the opinion that in joining in the deed with his wife, in covenanting that he and his wife had the legal right to sell and convey, and in executing the deed and acknowledging that he had executed the same for the uses and purposes therein set forth, the husband did, in legal effect, bestow his written consent to the sale of his wife's interest in the land in question.

In the second deed objected to (exhibit E), the land being the separate property of the wife, it was, of course, not necessary that the husband should join as a grantor. All that was required in order to give validity to the deed was the written consent of the husband. As heretofore noted, the deed contains no express statement to the effect that the husband consented to the conveyance by his wife, but may not such written consent be implied from the written statement that he did hereby sell, give, and abso-

lutely convey unto the grantee "my right as a husband in the land hereby conveyed?" What was Kanoa's right as a husband in the land conveyed? It is doubtful whether the inchoate right or curtesy which a husband possesses in the real property of his wife is such that it may be conveyed by the husband during his wife's lifetime. The curtesy which a husband has under our statutes in the real estate of his wife differs from the dower interest of a wife in the real estate of her husband. In the latter case, the wife is endowed in the lands owned by her husband during coverture unless she is legally debarred thereof. A husband, on the other hand, has merely a right of curtesy in the lands of which his wife dies seized, hence he has no right in the lands of his wife which have been legally conveyed by her. But whether or not a husband's inchoate right of curtesy is such that he may convey the same during the lifetime of his wife, one of Kanoa's rights as a husband in the land conveyed was a right to consent to or withhold his consent from the sale that his wife purported to make, and it would seem, on principle, that the conveyance by the husband to the grantee, in the instant case, of his "right as a husband," was an as emphatic and unequivocal consent to his wife's sale as would have been the words, "I do hereby consent to this sale by my wife."

Although there are cases in which courts elsewhere have held that nothing short of an express, specific consent on the part of the husband is sufficient to make valid the deed of a married woman, such holding has not received unanimous approval, and in many cases cited by the authorities it has been held that the written assent of a husband may be inferred and is sufficiently expressed when the husband's name appears in the body of the wife's deed, either by his unnecessarily joining therein as a

grantor, or purporting to release his right of curtesy or by merely signing and acknowledging the deed.

The following cases seem applicable to the objection urged as to the lack of the husbands' consent in both of the deeds introduced on behalf of plaintiff: In *Friedenwald & Co.* v. *Mullan,* 10 Heisk. (Tenn.) 226, 231, 232, the court said: "The purpose or reason why the law requires that the husband should join in the deed with his wife is, that his assent to the conveyance might appear, and that it might also appear that he was present to protect her from imposition. 3 Head, 388. Why should he, upon the face of the deed, be required to say that he conveys, and is seized and possessed, and has a good right to convey, when these covenants as to land belonging to his wife are not true? All that is required of him to signify his assent and presence is his signature." In *Chapman* v. *Miller,* 128 Mass. 269, 271, the court per Gray, C. J., said: "The wife, having acquired her title by deed since the statute of 1857, might convey it without her husband joining as a grantor; and the insertion of his name in the last clause of the mortgage, with his signature and seal, manifest the 'assent in writing,' which was all that was requisite to make it valid." In *Roberts* v. *McIntire,* 84 Me. 362, 363, where it was the express requirement of the statute that the conveyance deed should have "the assent in writing of her husband," McIntire did not join with his wife as grantor but he signed and acknowledged the instrument, his name first appearing in the testimonial clause as follows: "And William H. McIntire, husband of the said Mary D. McIntire, in testimony of his relinquishment of his right of dower in the above described premises, have hereunto set our hands," etc., the court held this to be sufficient written assent on the part of the husband, saying at page 365: "There is no presumption against the validity of Mrs. McIntire's conveyance. It is

not to be presumed that her husband performed an idle and useless ceremony for the purpose of defrauding an innocent purchaser. But he affixed his signature and seal and made the acknowledgment before the magistrate for some purpose. It cannot be questioned that the deed was executed, delivered and recorded as and for a legal instrument. It cannot be doubted that the husband intended to do whatever was needful to render the deed effectual as a conveyance of the wife's real estate. He intended to relinquish whatever interest he had in the property; and the only possible interest he had was the right to dissent from the conveyance. He clearly had no desire to exercise that right, but a manifest purpose to waive it and to express his assent to the deed. But it is said, that the deed itself contained a plain unambiguous recital that the husband signed it for the purpose of releasing his right of dower; and thereupon the defendants' counsel invokes the familiar principle that in law there can never be an implication of a purpose in opposition to that which the parties have clearly expressed for themselves; that the express mention of one purpose in the deed excludes the idea that he signed it for any other purpose. It has been seen, however, that the purpose expressed by the parties was impossible and absurd." In *Hills* v. *Bearse,* 9 Allen (Mass.) 403, it was held that the assent in writing required by the statute of the husband of a married woman to her conveyance of her separate real estate is sufficiently shown by proof of a deed signed and sealed by both of them and containing these words: " 'In witness whereof, I, the said' married woman, 'and B., my husband, in token of our release of all right and title of or to both dower and homestead in the granted premises, have hereunto set our hands and seals.' " In *Child* v. *Sampson,* 117 Mass. 62, where the statute required the assent in writing of the husband to his wife's lease of her

real estate for a term exceeding one year, the court held that such consent in writing is sufficiently shown by the husband's signing the lease as an attesting witness only, the court saying at page 63: "It must be presumed that a husband, so signing his name as witness to the execution of the lease by his wife and the plaintiff, must have known the character of the instrument; and his attestation thereto is a sufficient assent in writing."

In both of these deeds objected to we are of the opinion that the written consent of the respective husbands thereto sufficiently appears, and the exceptions to the admission of the same in evidence are overruled.

We have examined all of the other exceptions and finding no merit in them they are overruled.

*W. C. Achi* for plaintiff.

*C. F. Peterson* for defendant.